IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ALEX PHILO,                        )
                                   )    2:11-cv-03135-GEB-KJN
              Plaintiff,           )
                                   )
     v.                            )    ORDER
                                   )
GAMESTOP CORP.; GAMESTOP, INC.,    )
                                   )
              Defendants.          )
_____   )
```

On April 3, 2012, Plaintiff filed an *ex parte* application under Federal Rule of Civil Procedure 6(c)(1)(C) and Local Rule 144(e). Plaintiff seeks in the application an order shortening time on the hearing of his motion to stay proceedings; and in the alternative, an order continuing the scheduled April 16, 2012 hearing on Defendants' noticed motion to compel arbitration, so that this motion is not scheduled for hearing until after the National Labor Relations Board ("NLRB") resolves a labor charge Plaintiff filed with it on March 20, 2012.

Defendants counter that "Plaintiff has failed to demonstrate any of the required elements to seek 'extraordinary'" *ex parte* relief and therefore "Plaintiff's request for emergency relief should be denied." Defs.' Opp'n 2:5-10 (citing Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("Many *ex parte* motions are denied, not because the underlying request is unwarranted, but because the papers do not show that bypassing the regular noticed motion

1

procedure is necessary."); and <u>Charley v. Chevron USA</u>, No. CV 10-5063, 2010 WL 2792486, *2 (C.D. Cal. July 13, 2010) (indicating Plaintiff's evidence should be evaluated for the purpose of determining whether Plaintiff could have avoided the situation he opines justifies the *ex parte* procedures he seeks)).

"*Ex parte* applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order[.]" E.D. Cal. L.R. 144(e). Christian Schreiber ("Schreiber"), counsel for Plaintiff, avers in his declaration in support of the *ex parte* application that "Plaintiff is unable to file a Motion to Stay Proceedings . . . and provide the statutorily required notice to Defendant[s], as the hearing on Defendant[s'] Motion to Compel Arbitration is currently scheduled for April 16, 2012." (Schreiber Decl. ¶ 8.) Plaintiff argues in his *ex parte* application that

> [d]isallowing Plaintiff to stay this action or, in the alternative, [disallowing] continuing the [motion to compel arbitration scheduled for] April 16, 2012 until resolution of Plaintiff's unfair labor practice charge by the NLRB will result in prejudice to Plaintiff because the NLRB has primary jurisdiction over the central issue in Defendant[s'] Motion to Compel Arbitration.

(Pl.'s Ex Parte Appl. 1:13-16.)

However, Plaintiff has not provided a "satisfactory explanation for the need" for an order shortening time, since Plaintiff fails to explain why he could not have made the arguments he now makes earlier in the case in a duly noticed manner. E.D. Cal. L.R. 144(e). "[T]he evidence submitted by Plaintiff reveals that Plaintiff . . . creat[ed] the crisis . . . [he asserts] requires [the] *ex parte* relief" he seeks. <u>Charley</u>, 2010 WL 2792486 at *2. It is evident that Plaintiff

2

delayed filing a labor charge with the NLRB until after Defendants' motion to compel arbitration was fully briefed and duly scheduled for hearing. Therefore, Plaintiff's *ex parte* application for an order shortening time is denied.

Further, Plaintiff has not provided Defendants with a duly noticed opportunity to respond to his argument that Defendants' motion to compel arbitration should not be decided until after the NLRB resolves Plaintiff's unfair labor practice charge. However, since Plaintiff argues in his opposition to Defendants' motion to compel arbitration that the class action waiver in the parties' arbitration agreement is unenforceable because it violates the National Labor Relations Act, and the same issue is involved in Plaintiff's stay motion, the Court has decided to hear Plaintiff's motion to stay proceedings and Defendants' motion to compel arbitration commencing at 9 a.m. on June 4, 2012; therefore, the hearing for Defendants' motion to compel arbitration scheduled for April 16, 2012 is vacated.

Dated: April 9, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge